IN THE DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| VALVTECHNOLOGIES, INC. | § | |
| | § | |
| v. | § | Cause No. _____ |
| | § | |
| ROBERT B. NORTH AND | § | |
| NORTHMONTE LIMITED, INC. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

### Parties

1.      Plaintiff, Valvtechnologies, Inc. ("VTI"), is a Texas for-profit corporation.

2.      Defendant, Robert B. North ("North"), is an individual and resident of Texas who may served with process at his residence 12922 Knotty Glen, Houston, Texas 77072; or at his place of business, 16800 Imperial Valley Drive, Suite 220, Houston, Texas 77060; or wherever he may be found.

3.      Defendant, Northmonte Limited, Inc. ("Northmonte") is a Texas for-profit corporation which may be served by serving its registered agent, E. Rhett Buck at the company's registered address, 1235 North West Loop West, #1235, Houston, Texas 77008; or by serving its President, Robert North at 12922 Knotty Glen, Houston, Texas 77072.

### Jurisdiction

4.      This court has subject mater jurisdiction pursuant to 28 U.S.C. § 1331 and 1338(a). VTI requests that this Court assume supplemental jurisdiction over the state law claims of breach of contract,  tortuous interference with an existing contract, tortious interference with prospective relations, and conversion pursuant to 28 U.S.C. § 1367.

5. This Court has personal jurisdiction over the Defendants. Defendants reside or conduct business in this judicial district.

## Facts

6. North is the owner of the following patents: US 6,117,493; US 6,326,582; US 6,582,126 (collectively "Patents").

7. On or about March 30, 2006, North granted to VTI a worldwide, irrevocable, royalty-free, exclusive license under the Patents to make and sell products using the processes claimed by the Patents. A copy of the patent license agreement ("License Agreement") is attached as Exhibit A and incorporated herein for all purposes.

8. During the three-year time period beginning from the date of execution of the License Agreement, VTI used and exercised its rights under the Patents pursuant to the License Agreement.

9. Upon the expiration of such three year period, North's right to convert the license issued to VTI from exclusive to non-exclusive terminated and the grant of licenses therefore remained an exclusive grant to VTI. Accordingly, VTI is the exclusive licensee of the Patents

10. Contemporaneously with the execution of the License Agreement, North, as employee, and VTI, as employer, entered into an employment agreement ("Employment Agreement"), a copy of which is attached as Exhibit B and incorporated for all purposes.

11. In addition to all common-law duties regarding the employer-employee relationship between North and VTI, the Employment Agreement included specifically tailored and reasonable restrictive covenant provisions that restricted North from disclosing VTI's confidential information to third parties, soliciting VTI customers and suppliers, soliciting VTI's employees, soliciting transactions, competing with VTI, and disparaging VTI.

12. North's voluntarily terminated his employment with VTI on or about July 16, 2010.

13. Pursuant to the terms of the Employment Agreement, one or more of the restrictive covenants contained in the Employment Agreement survived the termination of North's employment and remained in effect at all material times herein.

14. North, both individually and as President of Northmonte, has contacted potential licensees of the Patents or purchasers or manufacturers of products manufactured using processes applicable to one or more of the Patents. Such communication improperly and inaccurately describes VTI's rights and status under the Patents, VTI's business relationship with one or more of the Defendants, VTI's business relationship with the recipient, seeks to prevent or interfere with VTI's current or prospective business relationship with the recipient, and seeks to solicit a new and independent business relationship between recipient and one or more of the Defendants.

## Count One – Infringement of Patents

15. VTI re-alleges and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

16. Defendants have infringed, and are now infringing, under 35 U.S.C. §§ 271 and 281, one or more claims of the Patents, by selling, offering to sell, manufacturing, and/or using, within the United States, and/or by importation into the United States, the Defendants' Systems, and will continue to do so unless enjoined by this Court.

17. Defendants have induced and are actively inducing the infringement of, and have contributorily infringed and continue to contributorily infringe, one or more claims of the Patents pursuant to 35 U.S.C. §§ 271 and 281, by (a) causing, urging, encouraging and/or aiding others

to infringe the Patents within the United States and/or by importation into the United States, and/or (b) making, using and/or selling within the United States and/or by importation into the United States one or more components, materials or apparati for use in practicing the invention claimed in the Patents.  Defendants will continue such unlawful conduct unless enjoined by this Court.

18. Defendants' infringement of the Patents is willful and deliberate, given that Defendants had actual notice of the existence of the patents and their infringement thereof. Therefore, VTI is entitled to a judgment under 35 U.S.C. § 285 that this is an exceptional case, and therefore VTI should be awarded all of its attorneys' fees, and treble damages.

19. Defendants' infringement of the Patents has deprived VTI of sales and/or installations using the claimed method that VTI would have made, used, sold, or leased in the absence of Defendants' infringement. Defendants' infringement has injured VTI in other respects, which deprivation and injury will continue unless enjoined by this Court.

## Count Two – Breach of Contract

20. VTI re-alleges and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

21. North and VTI entered into a valid, enforceable Employment Agreement.

22. North has breached the Employment Agreement by the conduct described herein.

23. As a direct and proximate cause of North's breach, VTI suffered damages, including attorney's fees, which continue to accrue in an amount to be proven in court.

## Count Three – Tortious Interference with Existing Contract

24.     VTI re-alleges and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

25.     VTI has valid contracts with particular customers and business partners.

26.     Defendants, by selling, offering to sell, manufacturing, and/or using one or more of the Patents, or licensing or offering to license one or more of the Patents have willfully and intentionally interfered with these contracts. Additionally, Defendants, by disclosing VTI's confidential information to third parties, soliciting VTI customers and suppliers, soliciting VTI's employees, soliciting transactions, competing with VTI, and disparaging VTI, have willfully and intentionally interfered with these contracts.

27.     The interference proximately caused injury, and continues to cause injury, to VTI.

28.     VTI has suffered actual damage or loss as a result of Defendants' interference with these contracts.

## Count Four – Tortious Interference with Prospective Relations

29.     VTI re-alleges and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

30.     There is a reasonable probability that VTI would have entered into business relationships with certain parties within the relevant market including customers or business partners.

31.     Defendants have intentionally interfered with these relationships by selling, offering to sell, manufacturing, and/or using one or more of the Patents, or licensing or offering to license one or more of the Patents. Additionally, Defendants have willfully and intentionally interfered with these contracts by disclosing VTI's confidential information to third parties,

soliciting VTI customers and suppliers, soliciting VTI's employees, soliciting transactions, competing with VTI, and disparaging VTI.

32.     The interference proximately caused injury, and continues to cause injury, to VTI.

33.     VTI has suffered actual damage or loss as a result of Defendants' interference.

## Joint and Several Liability

34.     VTI re-alleges and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

35.     Defendants are jointly and severally liable for VTI's damages because they have acted or continue to act in concert. Each defendant has acted together, in a joint enterprise with other defendants. Therefore, all defendants are jointly liable for the total amount of damages under the Texas common law principles of principal/agent liability, joint enterprise liability, and all other bases establishing participatory and vicarious liability. Accordingly, VTI alleges each cause of action herein against all Defendants.

## Request for Temporary Injunction

36.     VTI re-alleges and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

37.     VTI asks this Court to set its request for temporary injunction for a hearing and, after a hearing, issue a temporary injunction against Defendants.

38.     VTI asks this Court to Order that Defendants, their, agents, servants, employees, and all other persons in privity or acting in concert with Defendants, be enjoined and restrained during the pendency of this action and permanently thereafter, from (1) further infringement of the Patents, (2) disclosure of VTI's confidential information, (3) solicitation of VTI's customers and suppliers, (4) solicitation of VTI's employees, (5) solicitation of transactions as provided in

the Employment Agreement, (6) .competing with VTI in violation of the Employment Agreement, and (7) making disparaging, negative, false or derogatory remarks or comments about VTI or any rights that VTI has or does not have under the Patents.

39. It is probable that VTI will recover from Defendants after a trial on the merits because Defendants' actions are harmful to VTI's business, and are tortiously interfering with VTI's existing and prospective business relationships.

40. If VTI's request is not granted, harm is imminent because Defendants have already shown a propensity to interfere with VTI's existing and prospective business relationships.

41. The harm that will result if the temporary injunction is not issued is irreparable because VTI's business relies upon the maintenance of its relationships with its current customers and business partners as well as its marketing directed to prospective customers and business partners. Defendants' actions are causing irreparable harm because such actions are causing VTI severe damage with respect to VTI's relationships with its current and prospective business relationships and such damages may not be repaired if Defendants are allowed to continue with their unlawful acts.

42. VTI has no adequate remedy at law because the damages to VTI cannot be quantified. While VTI will likely be able to recover a monetary judgment against Defendants, Defendants' actions are impairing VTI's current and prospective business relationships. These relationships are valuable to VTI and once lost they may never be regained.

43. Additionally, pursuant to Section 10 of the Employment Agreement, VTI and North acknowledge that the loss arising from a breach or threatened breach of the Employment Agreement entitle VTI to injunctive relief merely by VTI providing existence of such breach or

threatened breach without the necessity of proving irreparable harm or inadequacy of other legal remedies.

44. VTI is willing to post a bond.

## Request for Permanent Injunction

45. VTI re-alleges and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

46. VTI asks this Court to set VTI's request for permanent injunction for a full trial on the merits and, after the trial, issue a permanent injunction against Defendants.

## Damages

47. VTI seeks to recover all out of pocket losses it has sustained. In addition, VTI has sustained actual damages including direct and consequential damages, as well as special damages, as a result of Defendants' acts, including, but not limited to, loss of profit; loss of business opportunity; loss of investment opportunity; and damages related to VTI's inability to enjoy the use and benefit of the exclusivity of its license of the Patents.

48. VTI requests an award of its damages resulting from the defendants' patent infringement, but in no event less than a reasonable royalty.

49. In addition to VTI's actual damages, VTI is entitled to recover enhanced and exemplary damages. Defendants willfully infringed the Patents. Defendants' conduct was done fraudulently, knowingly, with actual awareness, malice and intent, or with such an entire want of care as to indicate that the acts and omissions in question were the result of conscious indifference to the rights and welfare of VTI.

50.     Finally, VTI requests prejudgment interest on all elements of damages incurred in the past as provided by law; post-judgment interest on the judgment rendered in this case at the legal rate, until paid in full, and costs of court.

## Attorney's Fees

51.     Due to Defendants' conduct, it has been necessary for VTI to employ counsel to prosecute this action on its behalf. Accordingly, VTI seeks recovery of its attorney's fees and reasonable costs from Defendants.

WHEREFORE Plaintiff Valvtechnologies, Inc. prays that Defendants Robert B. North and Northmonte Limited, Inc. be cited to appear, and that upon final hearing in this matter, VTI receive judgment as follows:

a.  Enter upon hearing a temporary injunction ordering that Defendants, their agents, servants, employees, and all other persons in privity or acting in concert with Defendants, be enjoined and restrained during the pendency of this action and permanently thereafter from further infringement of the Patents.;

b.  Enter an order requiring that Defendants, jointly and severally, to account to VTI for any and all profits derived by Defendants and for all damages sustained by VTI by reason of Defendants' acts complained of herein

c.  Award VTI compensatory damages in an amount to be determined for Defendants' acts complained of herein;

d.  Award VTI exemplary damages in an amount to be determined for the willful, deliberate, and malicious acts of Defendants;

e.  Award VTI its reasonable attorney's fees and costs of suit herein; and

      f.      Award VTI such other and further relief, legal and equitable, as this Court may deem just and appropriate.

MATTINGLY LAW FIRM

*/s/ Dayne Delahoussaye*

By: Dayne A. Delahoussaye
TBN 24045770
8554 Katy Freeway, Suite 327
Houston, Texas 77024
713.467.4400 - voice; 713.467.4455 – fax
dayne@mattinglylawfirm.com
ATTORNEYS FOR PLAINTIFF VTI