IN THE DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| VALVTECHNOLOGIES, INC. | § § | |
| v. | § § | Cause No. 4:10-cv-03943 |
| ROBERT B. NORTH AND NORTHMONTE LIMITED, INC. | § § § | |

# Plaintiff's First Amended Complaint

## Parties

1. Plaintiff Valvtechnologies, Inc. ("VTI") is a Texas for-profit corporation.

2. Defendant Robert B. North ("North") is an individual and resident of Texas who has made an appearance in this matter.

3. Defendant Northmonte Limited, Inc. ("Northmonte") is a Texas for-profit corporation which has made an appearance in this matter.

## Jurisdiction

4. This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 1338(a).

5. This Court has personal jurisdiction over the defendants. Defendants reside or conduct business in this judicial district.

## Facts

6. North is the sole inventor listed for the following U.S. Patents: 6,117,493; 6,326,582; and 6,582,126 (collectively "the Patents"), which are attached as **Exhibits 1, 2, and 3**.

7. North is the sole owner of U.S. Patent No. 6,326,582.

8. Northmonte Partners, LP is the owner of U.S. Patent Nos. 6,117,493 and 6,582,126.

9. Northmonte Partners, LP is comprised of the following partners, shown with their ownership percentages :  North (50%); VTI (49%); and Northmonte (1%).

10. On March 30, 2006, North signed an employment agreement (attached as **Exhibit 4**) with VTI.  On June 16, 2010, of his own free will, and without being asked by VTI to resign, North resigned from his employment at VTI.

11. Also on March 30, 2006, North granted to VTI a worldwide, irrevocable, royalty-free, exclusive license ("the Patent License", attached as **Exhibit 5**) under the Patents to make and sell (a) certain products ("the Licensed Products") identified in the Patent License, and (b) products made using the methods/processes ("the Licensed Processes") claimed in the Patents.

12. Pursuant to section 3.1 of the Patent License, the Patent License was "subject to termination as provided in Section 9" of the employment agreement.  The only part of section 9 of the employment agreement dealing with termination of the Patent License was section 9(a).

13. Section 9(a) of the employment agreement stated that the Patent License "shall be deemed canceled and terminated" if North's employment ended before the initial three year period.  Because North remained employed at VTI well past the initial three year period, the Patent License could not have terminated pursuant to section 9 of the employment agreement.

14. There was only one other contingency to the exclusive Patent License. Pursuant to section 2.1 of the Patent License, "Three years after the Effective Date, this

exclusive license becomes non-exclusive for any Licensed Products or Licensed Processes that VTI has not used."

15. In the hearing before this Court on January 6, 2011, Aart G. Schenau and Kevin J. Crosby testified on behalf of VTI that VTI had made and sold the Licensed Products, and had used the Licensed Processes, before March 30, 2009. Also in that same hearing, North admitted that VTI had made and sold the Licensed Products, and had used the Licensed Processes, before March 30, 2009.

16. Therefore, pursuant to section 2.1 of the Patent License, on March 31, 2009, North's right to convert the exclusive Patent License to a non-exclusive license terminated. That is, on March 31, 2009, VTI became the permanent exclusive licensee of the Patents, with no further contingencies against VTI being the exclusive licensee of the Patents. Accordingly, VTI is the exclusive licensee of the Patents.

17. After North resigned from his employment at VTI, on September 24, 2010, acting both in his individual capacity, and as President of Northmonte, he sent a letter to Kubota Metal Corporation, stating that such company could be "subject to penalty for ... patent infringement" of the Patents. See the attached **Exhibit 6**.

18. Then, on October 7, 2010, acting both in his individual capacity, and as President of Northmonte, he sent a letter to ExxonMobil, stating that if ExxonMobil wished to use the process covered by the Patents, they should contact him. See the attached **Exhibit 7**.

## Infringement Of The Patents

19.     VTI re-alleges and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

20.     Defendants have infringed, and are now infringing, under 35 U.S.C. § 271, one or more claims of the Patents, by selling, offering to sell, manufacturing, and/or using, within the United States, the Licensed Products and the Licensed Processes, and will continue to do so unless enjoined by this Court.

21.     Defendants have induced and are actively inducing the infringement of, and have contributorily infringed and continue to contributorily infringe, one or more claims of the Patents pursuant to 35 U.S.C. § 271, by (a) causing, urging, encouraging and/or aiding others to infringe the Patents within the United States and/or by importation into the United States, and/or (b) making, using and/or selling within the United States and/or by importation into the United States one or more components, materials or apparati for use in practicing the inventions claimed in the Patents. Defendants will continue such unlawful conduct unless enjoined by this Court.

22.     Defendants' infringement of the Patents is willful and deliberate, given that defendants had actual notice of the existence of the patents and their infringement thereof.  Therefore, VTI requests a judgment under 35 U.S.C. § 285 that this is an exceptional case, and therefore also requests that VTI be awarded all of its attorneys' fees, and treble damages.

23.     Defendants' infringement of the Patents has injured VTI's reputation in the marketplace, and is continuing to injure the perception of VTI by VTI's customers.

Defendants' infringement has also injured VTI in other respects, all of which injuries are irreparable. These irreparable injuries to VTI will continue unless enjoined by this Court.

## Joint and Several Liability

24. VTI re-alleges and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

25. Defendants are jointly and severally liable for VTI's injuries and damages because they have acted, and continue to act, in concert. Each defendant has acted together, in a joint enterprise with the other defendant. Therefore, both defendants are jointly liable for the total amount of damages under the common law principles of principal/agent liability, joint enterprise liability, and all other bases establishing participatory and vicarious liability. Accordingly, VTI alleges each cause of action herein against both defendants.

## Request for Temporary Injunction

26. VTI re-alleges and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

27. VTI asks this Court to set its request for a preliminary injunction for a hearing and, after a hearing, issue a preliminary injunction against the defendants.

28. VTI asks this Court to Order that defendants, their, agents, servants, employees, and all other persons in privity or acting in concert with defendants, be enjoined and restrained during the pendency of this action and permanently thereafter, from (1) all efforts to sell or offer to sell any products or processes covered by the claims of the Patents; (2) all efforts to license any of the Patents, or to license the use of any products or processes covered by the claims of the Patents; (3) all efforts to solicit,

contract for, or collect royalties as a result of licensing the Patents or any products or processes covered by the claims of the Patents; (4) all efforts to communicate with, solicit, or enjoin customers (or business partners with which Valvtechnologies, Inc. has a current or potential business relationship), and all such employees, agents, or attorneys of such entities, regarding the Patents or any products that incorporate the processes covered by the claims of the Patents; (5) all efforts to manufacture products using the processes covered by the claims of the Patents; and (6) all efforts to solicit, contract for, or obtain manufacturing services from any third party to manufacture products using the processes covered by the claims of the Patents.

29. It is probable that VTI will recover from defendants after a trial on the merits because defendants' actions are harmful to VTI's business.

30. If VTI's request is not granted, harm is imminent, because defendants have already shown a propensity to infringe the Patents.

31. The harm that will result if the preliminary injunction is not issued is irreparable, because VTI's business relies upon (a) the maintenance of its relationships with its current customers and business partners regarding VTI's rights under the Patents, as well as (b) VTI's marketing directed to prospective customers and business partners regarding the Patents.  Defendants' actions are causing irreparable harm because such actions are causing VTI severe damage with respect to VTI's relationships with its customers, and such damages may not be repaired if defendants are allowed to continue with their unlawful acts.

32. VTI has no adequate remedy at law because the damages to VTI cannot be quantified.  While VTI will likely be able to recover a monetary judgment against

defendants, defendants' actions are impairing VTI's current and prospective business relationships regarding the Patents.  These relationships are valuable to VTI, and once lost they may never be regained.

33. VTI is willing to post a bond.

## Request for Permanent Injunction

34. VTI re-alleges and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

35. VTI asks this Court to set VTI's request for permanent injunction for a full trial on the merits and, after the trial, issue a permanent injunction against defendants.

## Damages

36. VTI seeks to recover all out-of-pocket losses it has sustained.  In addition, VTI has sustained actual damages including direct and consequential damages, as well as special damages, as a result of defendants' acts, including, but not limited to, loss of profit; loss of business opportunity; loss of investment opportunity; and damages related to VTI's inability to enjoy the use and benefit of the exclusivity of its license of the Patents.

37. VTI requests an award of damages, including lost profits resulting from the defendants' patent infringement, but in no event less than a reasonable royalty.

38. In addition to VTI's actual damages, VTI is entitled to recover enhanced and exemplary damages.  Defendants willfully infringed the Patents.  Defendants' conduct was done fraudulently, knowingly, with actual awareness, malice and intent, or with such an entire want of care as to indicate that the acts and omissions in question were the result of conscious indifference to the rights and welfare of VTI.

**39.**     Finally, VTI requests prejudgment interest on all elements of damages incurred in the past as provided by law; post-judgment interest on the judgment rendered in this case at the legal rate, until paid in full, and costs of court.

## Attorney's Fees

**40.**     Due to defendants' conduct, it has been necessary for VTI to employ counsel to prosecute this action on its behalf.  Accordingly, VTI seeks recovery of its attorney's fees and reasonable costs from defendants.

Wherefore, VTI prays that defendants Robert B. North and Northmonte Limited, Inc. be cited to appear, and that upon final hearing in this matter, VTI receive judgment as follows:

a. Enter upon hearing a temporary injunction ordering that defendants, their agents, servants, employees, and all other persons in privity or acting in concert with defendants, be enjoined and restrained during the pendency of this action, and permanently thereafter, from further infringement of the Patents;

b. Enter an order requiring that defendants, jointly and severally, account to VTI for any and all profits derived by defendants, and for all damages sustained by VTI by reason of defendants' acts complained of herein;

c. Award VTI compensatory damages in an amount to be determined for defendants' acts complained of herein;

d. Award VTI exemplary damages in an amount to be determined for the willful, deliberate, and malicious acts of defendants;

e. Award VTI its reasonable attorney's fees and costs of suit herein; and

f. Award VTI such other and further relief, legal and equitable, as this Court may deem just and appropriate.

Respectfully submitted,

*[signature: Tim Headley]*

Dated:  January 6, 2011

Tim Headley, attorney-in-charge
State Bar No. 09325210
S.D. Texas Bar No. 1003
7941 Katy Fwy., Suite 506
Houston, Texas 77024-1924
Phone: 713 467 8500
Fax: 713 467 8501
Tim.Headley@HeadleyIPLaw.com

## Certificate of Service

Pursuant to section 9B of the "Administrative Procedures for Electronic Filing in Civil and Criminal Cases", dated January 1, 2007, I certify that on January 6, 2011, service on all known Filing Users will be automatically accomplished through the Notice of Electronic Filing.  At this time, there is no party or counsel who is not a Filing User, so service was not accomplished in any other manner.  Pursuant to section 6D, I further certify that this document is not being filed under seal, nor is it being filed under any other exception to the requirement for electronic filing of all documents.

*[signature: Tim Headley]*

Dated:  January 6, 2011